**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SONU SONU,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2323-R** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Sonu Sonu, seeks release from detention or a prompt bond hearing from this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Sonu's Petition to United States Magistrate Judge Suzanne Mitchell, who Recommended a prompt bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 12]. But then an Immigration Judge granted Mr. Sonu's request for voluntary departure on or before December 14, 2026. [Doc. No. 13]. This means that Mr. Sonu may be subject to "safeguards," which can include detention up until the date of his removal. *See* 8 U.S.C. § 1229(e) (permitting the Attorney General to condition the grant of voluntary departure by regulation); 8 C.F.R. § 240.25(b) (permitting Respondents detain noncitizens pending their voluntary departure); *Gutierrez Hidalgo v. Bullock*, No. 2:26-CV-02217-SHL-CGC, 2026 WL 1287136, at *1 (W.D. Tenn. May 11, 2026) (dismissing habeas where the petitioner became subject to "safeguards" based on his voluntary departure order); *see also Jiang v. Grant*, No. CIV-26-302-R, 2026 WL 1791957, at *1 (W.D. Okla. June 22, 2026)

(dismissing as moot where "Petitioner withdrew his application for asylum and an Immigration Judge granted Petitioner voluntary departure").

The Court Ordered Mr. Sonu to respond to Respondents' objection, [Doc. No. 14], which he failed to do. So the Court DECLINES to adopt the R&R and DISMISSES Mr. Sonu's Petition.

IT IS SO ORDERED this 17th day of November.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**